**B.C. BARMANN, SR., COUNTY COUNSEL**
**COUNTY OF KERN, STATE OF CALIFORNIA**
By: Mark L. Nations, Chief Deputy (Bar # 101838)
Administrative Center
1115 Truxtun Avenue, Fourth Floor
Bakersfield, California 93301
Telephone: (661) 868-3800

Attorney for Defendant, KERN COUNTY

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACS CONSULTING COMPANY, INC., f/k/a/ SUPERIOR CONSULTING COMPANY, INC. d/b/a ACS HEALTHCARE SOLUTIONS,<br><br>Plaintiff,<br><br>v.<br><br>KERN COUNTY, CALIFORNIA,<br><br>Defendant. | CASE NO. 1:08-cv-01139 LJO GSA<br><br>STIPULATION FOR PROTECTIVE ORDER RE MEDICAL RECORDS; ORDER |
| KERN COUNTY,<br><br>Counterclaimant,<br><br>v.<br><br>ACS CONSULTING COMPANY, INC., f/k/a/ SUPERIOR CONSULTING COMPANY, INC. d/b/a ACS HEALTHCARE SOLUTIONS, and DOES 1 - 20, inclusive,<br><br>Counterdefendant. | |

## STIPULATION

The parties, by and through their attorneys of record, hereby stipulate:

1. The parties agree that any patient account records identified in Kern County's counterclaim that will be produced for inspection and copying shall be subject to the

protective order stated below.

Dated: February 24, 2009          B. C. BARMANN, SR., COUNTY COUNSEL

By /s/ Mark L. Nations
   Mark L. Nations, Chief Deputy
   Attorney for Defendant and
   Counterclaimant Kern County

Dated: February 24, 2009          SUMNER, SCHICK & PACE

By /s/ Lorin Subar, for
   Steve Sumner, Esq.
   Attorneys for Plaintiff and
   Counterdefendants ACS Consulting
   Company, Inc., f/k/a/ Superior Consulting
   Company, Inc. d/b/a ACS Healthcare
   Solutions

Dated: February 16, 2009          BAKER MANOCK & JENSEN

By /s/ Dirk B. Paloutzian
   Dirk B. Paloutzian, Esq.
   Attorneys for Plaintiff and
   Counterdefendants ACS Consulting
   Company, Inc., f/k/a/ Superior Consulting
   Company, Inc. d/b/a ACS Healthcare
   Solutions

## PROTECTIVE ORDER

The parties having stipulated thereto and good cause appearing therefore, IT IS HEREBY ORDERED, that the patient account records (Records) identified by defendant and counterclaimant Kern County in its counterclaim shall be produced for inspection and copying by defendants subject to the following protections:

1. The Records shall not be copied or disseminated outside of any attorney's office except for review by retained experts whose opinions depend to some degree on the content of the subject Records and, where necessary, filing with the court. Any Records filed with the court shall have all private patient information redacted.

2. The only persons who shall be authorized to view the Records will be the attorneys, the attorneys' office staff, retained experts, parties to the action, and, as to any Records filed with the court, the court and court staff.

3. At the conclusion of the litigation (at the time the plenary power of the last court is extinguished) all copies of the records shall be either (a) returned to counsel for defendant and counterclaimant Kern County, or (b) destroyed by a company in the business of record destruction, with an affidavit from Plaintiff's counsel that the records have been destroyed.

4. The Records shall not be used for any purpose outside this litigation.

5. Any person handling or viewing the Records shall be notified of this protective order and provided a copy of it. A violation of this protective order shall constitute a ground to seek the imposition of sanctions against the violator pursuant to Local Rule 11-110.

6. Any Records attached as exhibits to a deposition shall have all private patient information redacted. The handling of the Records at trial shall be the subject of a separate protective order.

///

///

1  The parties are advised that any party intending to utilize any confidential third party
2 information designated as confidential in a law and motion matter or at trial should lodge
3 the document under seal pursuant to Local Rules 39-140 and 39-141 so as to preserve its
4 confidentiality pending the Court's determination regarding whether a privilege exists that
5 precludes the use of the document or other information as evidence or determining what
6 safeguards should be utilized if the confidential information is to be considered as
7 evidence.

13  IT IS SO ORDERED.
14  Dated:   **February 25, 2009**          **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE